UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FAHEEM NAEEMI**<br>15428 59th Avenue<br>Flushing, NY 11355<br><br>  Plaintiff,<br><br>       vs.<br><br>**KIRSTJEN M. NIELSEN**<br><br>Secretary of Homeland Security,<br>Washington, DC 20528<br><br>**LEE FRANCIS CISSNA**<br>Director of the United States Citizenship and Immigration Services,<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br>(202) 272-1000<br><br>**PATRICIA MENGES**, Director of the United States Citizenship and Immigration Services' New York Asylum Office,<br>1065 Stewart Ave Suite 200, Bethpage, NY 11714<br><br>       Defendants. | Case No.:<br><br>COMPLAINT |

COMPLAINT

DESCRIPTION OF ACTION

1. This complaint is brought by plaintiff, FAHEEM NAEEMI, A209018575, against the defendants to compel an interview and a decision on his application for asylum, which has been pending with the New York Asylum Office of the United States Citizenship and Immigration Services (USCIS) since April 4, 2016, despite the fact that numerous asylum applications which were filed long after his have been adjudicated.

2. He further seeks to correct the inequitable procedures recently adopted by the USCIS whereby applicants for asylum who applied long after Mr. Naeemi and others similarly situated to him are interviewed, and ultimately have their cases adjudicated, well ahead of Mr. Naeemi and others who applied before them.

JURISDICTION

2. This being a civil action against the United States arising under the

Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiff, FAHEEM NAEEMI, is a citizen of Afghanistan, residing at 15428 59th Avenue, Flushing, NY 11355.

4. The defendant, KIRSTJEN M. NIELSEN, is the Secretary of Homeland Security, and as such has the authority to adjudicate applications for asylum. She resides for official purposes in the District of Columbia.

5. The defendant, LEE FRANCIS CISSNA, is the Director of the United States Citizenship and Immigration Services (the "USCIS"), the agency within the Department of Homeland Security which adjudicates applications for asylum. He resides for official purposes in the District of Columbia.

6. The defendant, PATRICIA MENGES, is the Director of the New York Asylum Office of the United States Citizenship and Immigration Services, where plaintiff's application for asylum is currently pending. She resides for official purposes within the Eastern Judicial District of the State of New York.

## BRIEF STATEMENT OF RELEVANT FACTS

7. On April 4, 2016, FAHEEM NAEEMI filed a Form I-589, Application for Asylum and Withholding of Removal (hereafter: "application for asylum") with the United States Citizenship and Immigration Services.

8. Nevertheless, in the over 2 ½ years since he applied he has never been scheduled for an interview on his application.

9. On approximately January 29, 2018 the USCIS Asylum Office, under the control of LEE FRANCIS CISNA, adopted the following priority system in the scheduling of interviews:

> First priority: applications that were scheduled for an interview, but the interview had to be rescheduled at the applicant's request or the needs of USCIS.
> Second priority: applications that have been pending 21 days or less.
> Third priority: all other pending affirmative asylum applications will be scheduled for interviews starting with the newer filings and working back towards older filings.

10. The stated explanation for this priority system was:
> Giving priority to recent filings allows USCIS to promptly place such individuals en route to removal proceedings which reduces the incentive to file for asylum solely to obtain employment authorization. This approach also allows USCIS to decide qualified applications in a more efficient manner.

11. Regardless of whatever justification there might be for the first and second priority, the third irrationally discriminates against those such as the plaintiff who have filed their applications for asylum over 2 ½ years ago.

12. The Fifth Amendment to the Constitution prohibits the federal government from discriminating between groups without a reasonable basis. *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S. Ct. 1153, 1161

7

(1970) (to survive equal protection analysis under the 14th Amendment a laws must have a reasonable basis for discriminating between two groups); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638, n. 2 (1975) ("[t]his Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment.")

13. The third priority has no reasonable basis since more quickly adjudicating the asylum applications of those who applied for asylum prior to the announcement of the new priority system cannot in any way have the effect of discouraging the filing of non-meritorious asylum applications for the purpose of obtaining employment authorization, since all or virtually all of the applicants whose asylum interviews were expedited as a result of the third priority would have applied for asylum prior to the announcement of the new priority system and therefore could not have been deterred from filing a non-meritorious asylum application before its announcement.

14. Nor is there any conceivable reason to believe this approach allows USCIS to decide qualified applications in a more efficient manner.

15. As a result of the adoption of this new priority system the plaintiff's opportunity to be interviewed on his asylum application and so have his asylum application adjudicated, is going to be delayed much beyond what it would have been prior to the adoption of this new system.

16. Further, inasmuch as the first priority is persons who have applied for asylum within the last 21 days, this notice establishes that 21 days is a reasonable period within which to schedule the plaintiff for an interview.

17. Furthermore, 8 U.S.C. § 1158(d)(5)(A)(iii) provides that " in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed;"

18. The defendants have at no time informed FAHEEM NAEEMI of any exceptional circumstances delaying a decision in his case.

## COUNT I

19. Defendant KIRSTJEN M. NIELSEN, Secretary of Homeland Security, Defendant LEE FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services, and PATRICIA MENGES, Director of the United States Citizenship and Immigration Services' New York Asylum Office, are each and all officers or employees of the United States Department of Homeland Security.

20. Defendant KIRSTJEN M. NIELSEN, Secretary of Homeland Security, Defendant LEE FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services, and Defendant PATRICIA MENGES, Director of the United States Citizenship and Immigration Services' New York Asylum Office, each and all owe a duty to the Plaintiff to adjudicate his application for asylum within a reasonable time. 5 U.S.C. § 555(b) ("With due

regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

21. The requirement provided by 8 U.S.C. §1158(d)(5)(A)(iii) that an asylum application must be adjudicated within 180 days of the date of filing establishes that a reasonable time for adjudicating an asylum application is no more than 180 days.

22. Further, the USCIS policy memorandum announcing the new priority system described above establishes that no more than 21 days from the date of filing is a reasonable amount of time within which to schedule an interview on an asylum application.

23. The time in which plaintiff's application for asylum has been pending with Defendant KIRSTJEN M. NIELSEN, Secretary of Homeland Security, Defendant LEE FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services, and Defendant PATRICIA MENGES, Director of the United States Citizenship and Immigration Services' New York Asylum Office, without so much as an interview on that application, is well beyond 21 or even 180 days.

24. The time in which plaintiff's application for asylum has been pending with Defendant KIRSTJEN M. NIELSEN, Secretary of Homeland Security, Defendant, LEE FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services, and Defendant PATRICIA MENGES, Director of the

United States Citizenship and Immigration Services' New York Asylum Office, is far beyond the period of time which these officers or employees or their predecessors reasonably require(d) to interview plaintiff and adjudicate his application.

25. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

26. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

RELIEF REQUESTED

WHEREFORE it is respectfully requested that the Court compel Defendant KIRSTJEN M. NIELSEN,  Secretary of Homeland Security, Defendant LEE FRANCIS CISSNA,   Director of the United States Citizenship and Immigration Services, and Defendant PATRICIA MENGES, the Director of the United States Citizenship and Immigration Services' New York Asylum Office, to interview the Plaintiff on his application for asylum and adjudicate that application in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

COUNT II

27. The USCIS's new priority system describes above denies the plaintiff due process of law under the Fifth Amendment by unreasonably discriminating against the plaintiff in the scheduling of interviews on asylum applications.

WHEREFORE it is respectfully requested that the Court compel Defendant KIRSTJEN M. NIELSEN, Secretary of Homeland Security, Defendant LEE FRANCIS CISSNA, Director of the United States Citizenship and Immigration Services, and Defendant PATRICIA MENGES, the Director of the United States Citizenship and Immigration Services' New York Asylum Office, to interview the Plaintiff on his application for asylum in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

IT IS FURTHER REQUESTED that this Court hold unlawful and set aside the third priority of the referenced USCIS policy as an unconstitutional deprivation of the Fifth Amendment right to due process of law for all asylum applications whose interview date has been delayed by the said policy.

Dated this 12th day of December, 2018

*s/Michael E. Piston*
Michael E. Piston (MI 002)
Attorney for Plaintiff
111 Broadway,
Suite 1304
New York, NY, 10006
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com